UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GUILLERMO FOSTER,
FDOC Inmate No. 685752,
    Plaintiff,

vs.                                    Case No.:  3:25cv813/LAC/ZCB

CENTURION HEALTH CARE
SERVICES, et al.,
    Defendants.
                                       /

## **REPORT AND RECOMMENDATION**

Plaintiff is an inmate of the Florida Department of Corrections (FDOC).  He filed this *pro se* civil rights action on June 9, 2025.  (Doc. 1). Upon review of Plaintiff's litigation history, the Court has determined that he is a three-striker.  This means he was required to pay the filing fee upon initiating this suit because he is ineligible to proceed *in forma pauperis* (IFP).  Plaintiff did not pay the filing fee and instead filed a motion to proceed IFP.  (Doc. 2).  Because he is a three-striker and did not pay the filing fee, this case should be dismissed.

### I.   Discussion

Under the three strikes provision, a prisoner cannot proceed IFP in a civil action if he has "on 3 or more prior occasions, while incarcerated .

1

. . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances where the prisoner is "under imminent danger of serious physical injury." *Id.*; *see also Daker v. Bryson*, 784 F. App'x 690, 692 (11th Cir. 2019) (explaining that the "sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury").

A prisoner who is ineligible to proceed IFP must pay the full filing fee when the lawsuit is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Eleventh Circuit has explained that when the district court determines that the prisoner is ineligible to proceed IFP pursuant to § 1915(g), the proper procedure is for the district court to dismiss the complaint without prejudice. *Id.* According to *Dupree*, a prisoner cannot avoid dismissal by simply paying the filing fee at a later time because the filing fee is due at the time the prisoner *initiated* the suit. *Id.*; *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

The Court has reviewed Plaintiff's litigation history as disclosed in the Complaint and on the federal courts' Public Access To Court Electronic Records (PACER) database.[1] (Doc. 1 at 10-11). That review has revealed that Plaintiff (while a prisoner) previously filed at least three actions or appeals in federal courts that were dismissed as frivolous or for failure to state a claim. More specifically:

- *Foster v. Hollywood Police Dep't*, 1:17cv60177-UU (S.D. Fla. Mar. 31, 2017) (dismissing Plaintiff's complaint under 28 U.S.C. §§ 1915A and 1915(e) because it was barred by the statute of limitations);

- *Foster v. State of Fla.*, 0:23cv61211-CMA (S.D. Fla. June 28, 2023) (dismissing Plaintiff's complaint under § 1915(e)(2) because it was barred by the statute of limitations); and

- *Foster v. Goldstein, et al.*, 0:23cv61540-RS (S.D. Fla. Aug. 16, 2023) (dismissing Plaintiff's complaint under § 1915A for

---

[1] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

3

failure to state a claim upon which relief can be granted or, alternatively, as barred by the statute of limitations).[2,3]

Because Plaintiff had at least three strikes when he commenced this case, he cannot proceed IFP and should have paid the filing fee at the time of filing. He failed to do so. The only remaining question is whether Plaintiff's factual allegations support a finding that he is "under imminent danger of serious physical injury" as required for the exception in § 1915(g) to apply. The answer to that question is no. Here are the reasons why.

The § 1915(g) exception requires the complaint, as a whole, to allege imminent danger of serious physical injury. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). The exception requires a showing of "specific, credible allegations of imminent-danger of serious physical

---

[2] *See Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990) (explaining that a complaint that presents time-barred claims warrants dismissal as frivolous); *see also Johnson v. Greaves*, 366 F. App'x 976, 978 (11th Cir. 2010); *Zammiello v. Jones*, No. 4:16cv572, 2016 WL 7007536, at *2 (N.D. Fla. Oct. 25, 2016), *adopted by* 2016 WL 6988490, at *1 (N.D. Fla. Nov. 28, 2016) (dismissing case under § 1915(g) because two prior cases were dismissed as time-barred and a third prior appeal was dismissed as frivolous).

[3] Plaintiff identified himself with FDOC inmate #685752 in his pleadings in all of these cases.

harm." *Chestnut v. Leavins*, No. 3:21cv827, 2021 WL 3134392, at *6 (N.D. Fla. July 2, 2021) (cleaned up), *adopted by* 2021 WL 3132724 (N.D. Fla. Jully 24, 2021). A complaint must include "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *See Sutton v. Dist. Atty's Office*, 334 F. App'x 278, 279 (11th Cir. 2009).

Additionally, the plaintiff must be in such imminent danger of serious physical injury at the time he files the lawsuit—not at the time of the alleged incident that gave rise to the complaint. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that because the threat of imminent danger to the inmate "ceased prior to the filing of his [c]omplaint," he did not qualify for the 1915(g) imminent danger exception); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Here, Plaintiff's allegations involve past harms. He alleges Defendants failed to treat his high cholesterol in March or April 2023. (Doc. 1 at 8-9). According to Plaintiff, this caused a series of strokes on

5

August 6-11, 2023. (*Id.* at 3-7). Defendants initially failed to properly diagnose or treat the strokes, but medical staff eventually sent him to a hospital on August 12, 2023. (*Id.* at 3-8). Hospital staff properly diagnosed and treated the strokes. (*Id.* at 7-8). Plaintiff was returned to his institution on August 15, 2023. (*Id.* at 8). Defendants provided assistive devices and medication but did not provide therapy or other "medical assistance." (*Id.*). Plaintiff seeks retrospective relief (compensatory and punitive damages) for Defendants' delay in diagnosing and treating his condition. (*Id.* at 9). He does not allege he is under any threat of impending harm. Because Plaintiff's allegations do not indicate he was in imminent danger of serious physical injury when he filed this lawsuit in June 2025, he does not qualify for the safety valve of the imminent danger exception to the three-strikes bar. *See Medberry*, 185 F.3d at 1193.

## II.   Conclusion

Plaintiff is a three-striker. He did not pay the filing fee when he filed his complaint. And has not satisfied the "imminent danger" exception under § 1915(g). For these reasons, dismissal of the complaint without prejudice is appropriate.

Accordingly, it is respectfully **RECOMMENDED** that:

1. This action be **DISMISSED without prejudice**, under 28 U.S.C. § 1915(g), based on Plaintiff's failure to pay the filing fee when he commenced this case.

2. All pending motions be **DENIED** as moot.

3. The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 17th day of June 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

**Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.